[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an action for dissolution of marriage and other relief brought to the judicial district of New Haven. Many of the facts that give rise to this action are not in dispute. The plaintiff and the defendant whose maiden name is Lynne A. Carbone were married on September 4, 1981 in East Haven, Connecticut. The plaintiff has resided continuously in the State of Connecticut for at least twelve months immediately prior to the date the complaint was filed. The marriage between the parties has broken down irretrievably without any reasonable prospects of reconciliation. There are four minor children issue of this marriage, Joshua Michael Valenti, born October 18, 1982, Shane Anthony Valenti, born December 28, 1985, Kayla Marie Valenti, born June 25, 1988 and Ceara Lyn Valenti born January 23, 1991. No other minor children have been born to the defendant wife since the date of marriage of the parties. Neither party has received state assistance.
The parties are in dispute as to the cause of the breakdown of the marriage. From the evidence presented the court finds the parties are equally at fault for the breakdown of the marriage. No credible evidence has been presented that there was any improper involvement by the defendant with any other men during the course of the marriage. CT Page 6485
The plaintiff was born on December 9, 1958. The plaintiff is presently employed at Barnes Industrial Inc. as a machinist. Barnes has recently cut back its number of employees from twenty-four to seventeen due to a lack of work. As a result of this cut back the plaintiff does not have the regular overtime work available that he used to have. He presently works a forty hour work week. He had previously worked sixty to seventy hours per week. He receives time and one-half after forty hours per week. He may receive some overtime as required.
The plaintiff's average gross weekly income from Barnes Industrial Inc. is $1,101.19. He also has average gross weekly income of $20.00 from his cleaning business. For child support guideline purposes his deductions are as follows: Federal income tax $153.00 weekly, medical and dental $54.72 weekly, social security and medicare $85.00 weekly, Connecticut State income tax $31.00 weekly. He had a liability as of April 6, 1999 to the Western Connecticut Credit Union with a balance of $28,000 that was the balance due on the home equity loan. He has a liability to Western Connecticut Credit Union with a balance due of $3,276. The plaintiff owns two motor vehicles, a 1992 Oldsmobile with a value of $2,000 and a 1990 Dodge Caravan that the defendant uses with a value of $9,000 and a loan balance of approximately $3,500 and an equity of approximately $6,500. The weekly payment on the Dodge vehicle loan is $50.00. The home equity line was taken out to pay off joint bills. It originally was in the amount of approximately $30,000. Approximately $5,000 of the debts owed by the parties that was paid off by the home equity line was a debt that was incurred solely by the plaintiff. The plaintiff incurred other liabilities during the course of the marriage that he paid off by working a part time second job. Following the close of the evidence in this case the parties entered into the following stipulation dated April 26, 1999 for which the court commends both parties.
 The parties refinanced the property located at 80 Massachusetts Avenue, East Haven, Connecticut which they jointly own on April 16, 1999.
The amount of the new mortgage including all fees and costs is $102,630.00. As part of the refinancing, the old mortgage with Bank United in the amount of $65,334.24 and a home equity loan with Western Connecticut Federal Credit Union for $30,166.61 were paid off. Neither borrower received any cash from the refinancing. CT Page 6486
 The monthly payment on the old mortgage and home equity loan totaled approximately $1,562.00 per month ($1,220.00 mortgage and taxes, and $342.00 home equity loan). The new monthly mortgage payment after the refinancing is approximately $1,199.94 ($915.31 principle and interest, $241.87 property tax and $42.76 P.M.I.)
The plaintiff owns tools, household items and a television with a value of $1,000. His bank accounts total $30.00. He has a 401K plan that is available upon retirement with a present plan value of $1,698.14. The plaintiffs financial affidavit shows part time income from Jay Dee Tools with a gross weekly amount of $50.27. Jay Dee Tools is presently involved in bankruptcy and the plaintiff currently does not have any weekly income from that part time employment.
The defendant is presently working part time at Friendly's Restaurant averaging seventeen hours weekly. Those hours fit her needs due to the fact that they are flexible and allows her to be at home with the children. The court finds that in view of the age of the children that it is appropriate for the defendant not to be working full time at the present time.
The defendant was born on December 16, 1961.
The defendant presently has a gross weekly income of $150.00. The only deduction that she is required is for social security in the amount of $11.00 weekly leaving a net weekly income of $139.00. The defendant has a liability with Fleet Visa with a balance due of $5,000 and a liability to Kmart with a balance due of $300.00. There is a potential liability due to her mother's estate, Rae Carbone, with a balance due of $12,000. The parties initially borrowed $25,000 from the defendant's mother to be used on a down payment of a home and $12,000 represents the balance due on that loan. That loan was not in writing. The Fleet Visa liability of $5,000 was incurred by the defendant for use of attorney's fees. The Kmart $300.00 debt was incurred by the defendant to purchase clothing and other items for the children.
The parties own a family home at 80 Massachusetts Avenue, East Haven, Connecticut. The fair market value of the home is $110,000. The home was purchased approximately thirteen years ago. The home was purchased in approximately thirteen years ago. CT Page 6487
This court has considered the provisions of § 46b-82
regarding the issue of alimony and has considered the provisions of § 46b-81 (c) regarding the issue of property orders and has considered the provisions of § 46b-84 and the child support guidelines regarding the issue of support and has considered the provisions of § 46b-62 regarding the issue of attorney's fees. The court entered the following orders:
A. By way of dissolution of marriage. 1. The marriage between the parties is dissolved and each party is declared to be single and unmarried.
B. By way of attorney's fees. 1. No attorney's fees are awarded in favor of either party.
C. By way of alimony. 1. The plaintiff is to pay to the defendant alimony in the amount of $100.00 weekly.
2. Alimony is to terminate on January 23, 2009 if not sooner terminated. The term of the alimony cannot be extended. On January 23, 2009 the youngest child will be eighteen and the defendant will not have the need that she now has for alimony.
3. The provision of §§ 46b-86 (a) and 46b-86 (b) are applicable.
4. Alimony is to terminate upon the death of the plaintiff or the defendant or the remarriage of the defendant.
D. By way of custody and visitation and support. 1. The parties will have joint custody of all of the minor children. Physical custody of the minor children will be with the defendant mother.
2. The plaintiff husband shall have visitation with the minor children the second weekend every month. Said visitation shall begin at 6:00 p. m. Friday evening and end on Sunday evening at 6:00 p. m.
3. Holiday visitation and school vacation visitation time shall be determined by the parties with the best interest of the CT Page 6488 children. School vacations shall be alternated. The father shall have one week vacation with the minor children during the summer vacation. Said week shall be the choice of the plaintiff father. The father will give the mother sixty days notice of vacations.
4. Liberal visitation shall be within reason and by agreement at all other times. Each party shall give the other party three months notice if they move out of the state, as long as any of the children are under the age of eighteen years of age.
5. Holidays beginning in 1999 will be alternated each year. In 1999, the plaintiff father will have the children for Easter, July 4th, Thanksgiving Day and Christmas Eve. The defendant mother will have the children for New Years Day, Memorial Day, Labor Day, Christmas Day and New Years Eve. All holidays 10:00 a.m. — 6:00 p. m. except Christmas Eve and Christmas Day 11:00 a.m. — 6:00 p. m.
6. The plaintiff shall pay to the defendant support in the amount of $390.00 weekly which is substantially in accordance with the child support guidelines. An immediate wage execution is authorized. The plaintiff has the right to claim all the children as deductions for federal state income tax purposes for all years in which he is current at the end of such year in his support and alimony obligations. For any year in which he is not current the defendant has the right to claim all the children as deductions.
7. The plaintiff is to maintain health insurance for the benefit of all the minor children. All unreimbursed medical, dental, psychiatric, orthodontics and related expenses in connection with the children's health care shall be split equally between the parties.
E. By Way of Property Orders 1. The Western Connecticut Credit Union liability shown on the plaintiff's financial affidavit with a balance of $3,276 is to be paid by the plaintiff. He is to hold the defendant harmless therefrom.
2. The Fleet Visa shown on the defendant's financial affidavit with a balance of $5,000 and the Kmart shown on her affidavit with a balance of $300 are to be paid by the defendant. She is to hold the plaintiff harmless therefrom. CT Page 6489
3. Each party is responsible for paying one-half of whatever debt is presently owed to the estate of Rae Carbone and is to hold the other party harmless for such one-half.
4. The plaintiff is to quit claim all of his interest in the marital residence located at 80 Massachusetts Avenue, East Haven, Connecticut to the defendant and deliver such quit claim deed to the office of the defendant's attorney by June 14, 1999. The defendant is to be responsible for paying the first mortgage, real estate taxes and homeowners insurance and is to hold the plaintiff harmless therefrom.
5. All of the plaintiff's 401K plan is assigned to the plaintiff.
6. The 1992 Oldsmobile shown on the plaintiff's financial affidavit is awarded to the plaintiff.
7. The 1990 Dodge Caravan is awarded to the defendant. She is to pay the loan balance and hold the plaintiff harmless therefrom.
8. All tools, household items and television in the plaintiffs possession as shown on his financial affidavit is awarded to the plaintiff.
9. The People's bank account shown on the plaintiffs financial affidavit is awarded to the plaintiff.
10. All household furniture and furnishings in the defendant's possession are awarded to the defendant.
11. The New Haven Savings bank account shown on the defendant's financial affidavit is awarded to the defendant.
F. Miscellaneous Orders 1. Counsel for the plaintiff is to prepare the judgment file within thirty days and send it to counsel for the defendant for signature and filing.
2. The parties are to exchange copies of their federal state income tax returns for so long as there is an outstanding support and/or alimony order or any arrearage thereto.
3. The defendant is restored her maiden name of Lynne A. Carbone. CT Page 6490
4. In accordance with the agreement of the parties they are ordered to file a joint federal and state income tax return for the calendar year 1998 and any refund is to be divided equally between the parties and any amounts due are to be paid equally between the parties.
Sidney Axelrod, Judge